# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,         ) | |
| )| |
| **Plaintiff,**         ) | |
| ) | |
| v.         ) | Case No. CR-16-119-R |
| ) | |
| AISHA BLISS DONALDSON,         ) | |
| ) | |
| **Defendant.**         ) | |

## ORDER

The Court is in receipt of an undated letter filed August 20, 2020 from Defendant Aisha Donaldson (Doc. No. 1742), which it construes as a Motion for Compassionate Release pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A), or alternatively, a Motion for Home Confinement under the CARES Act.[1] For the reasons set forth herein, Defendant's Motion is DISMISSED.

Prior to the passage of the First Step Act, only the Director of the Bureau of Prisons (BOP) could seek compassionate release under 18 U.S.C. § 3582(c). The Act, passed in December of 2018, enables defendants to seek modification of a term of imprisonment directly from the Court in the event the BOP, via the warden, declines to file such a motion. *See* 18 U.S.C. § 3582(c)(1)(A). A defendant may seek relief only "after … fully exhaust[ing] all administrative rights to appeal a failure of the [BOP] to bring a motion on

---

[1] Defendant is serving a sentence of imprisonment of 84 months following her conviction for violating 21 U.S.C. § 846, which prohibits conspiring to possess with the intent to distribute heroin. Pursuant to the Bureau of Prisons inmate locator, Defendant is currently scheduled to complete her sentence on July 15, 2022.

[her] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier…". 18 U.S.C. § 3582(c)(1)(A). Defendant does not represent that she requested that the warden file a compassionate release motion on her behalf. Accordingly, she has failed to meet her burden of showing she fully exhausted all her administrative remedies. *See United States v. Caplinger*, No. CR-18-66-SLP, Doc. No. 175, at 4–5 (W.D. Okla. May 11, 2020)(finding under § 3582(c)(1)(A) that the defendant bears the burden of showing that s[he] exhausted administrative remedies."). Thus, Defendant's request for compassionate release must be dismissed.

Alternatively, Defendant requests that the Court order her sentence to be completed on home confinement in conjunction with the CARES Act. *See* Coronavirus, Aid, Relief, and Economic Security Act (CARES Act), Pub. L. No. 116-136, § 12003(b)(2), 134 Stat. 281, 516 (2020). The CARES Act granted the BOP broad discretion to expand the use of home confinement as a result of the COVID-19 pandemic. The Act, however, did not provide the Court with the authority to order home confinement—that authority remains exclusively with the Bureau. *See United States v. Graham*, No. 11:20065-02-KHV, 2020 WL 1914895, *2 (D. Kan. Apr. 20, 2020) ("While the CARES Act gives the BOP broad discretion to expand the use of home confinement during the COVID-19 pandemic, [district courts] lack jurisdiction to order home detention under [the Act].").

While the Court retains the ability to make a confinement recommendation to the Bureau, including a home confinement recommendation pursuant to 18 U.S.C. § 3621(b)(4)(B), the Court declines to exercise its discretion considering the United States Attorney General's mandate that the Bureau consider whether home confinement would

be an appropriate placement for at-risk inmates.[2] Thus, the Court lacks jurisdiction and the Defendant's request for home confinement must also be dismissed.

Therefore, Defendant's current Motion [Doc. No. 1742] is DISMISSED FOR LACK OF JURISDICTION.

**IT IS SO ORDERED** this 13th day of October 2020.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

[2] *See Memorandum from the Attorney General for the Director of the Bureau of Prisons*, p. 2., Office of the Attorney General (Apr. 3, 2020), https://www.bop.gov/coronavirus/docs/bop_memo_home_confinement_april3.pdf (retrieved September 14, 2020).